United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41831
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERAFIN ESQUIVEL-PADILLA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-106-1
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:*

Serafin Esquivel-Padilla (Esquivel) appeals his guilty-plea
conviction and sentence for conspiracy to possess with intent to
distribute more than 1,000 kilograms of marijuana, in violation
of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.  Finding no error, we
affirm.

Esquivel first asserts that his sentence violates the rule
set forth in United States v. Booker, 543 U.S. 220 (2005),
because the district court made factual findings at sentencing
and sentenced him under the then-mandatory Sentencing Guidelines.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Esquivel preserved these arguments by making an objection pursuant to Blakely v. Washington, 542 U.S. 296 (2004), and we review for harmless error.  See United States v. Rodriguez-Mesa, 443 F.3d 397, 404 (5th Cir. 2006).

The district court unequivocally stated that, absent the Federal Sentencing Guidelines, it would impose the same sentence. This statement is sufficient to satisfy the Government's burden of demonstrating that the error was harmless beyond a reasonable doubt.  See United States v. Saldana, 427 F.3d 298, 314-15 (5th Cir.), cert. denied, 126 S. Ct. 810 (2005).

Esquivel's argument that the alternative non-mandatory sentence was unreasonable because the district court did not consider all the factors set forth in 18 U.S.C. § 3553(a) also fails.  The district court stated that it had considered a number of such factors, namely the nature of the offense, the offender characteristics, and the need for punishment, deterrence, and rehabilitation.  See 18 U.S.C. § 3553(a)(1), (2)(A), (B), (D). Further, the only § 3553(a) factor to which Esquivel points is § 3553(a)(6), which directs courts to consider "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."  Although Esquivel's co-defendants received lower sentences, the record is silent as to the reasons for those sentences.  Thus, we cannot determine whether the disparities were unwarranted under § 3553(a)(6). Esquivel has not shown that the sentence was unreasonable.

In his final point of error, Esquivel contends that the district court committed plain error by accepting his guilty plea without an adequate factual basis. His argument is premised on the prosecutor's misstatement that 1,375 pounds, rather than 1,375 kilograms, of marijuana were involved. Thus, he asserts, the factual basis does not support a conviction under 21 U.S.C. § 841(b)(1)(A), which provides penalties of 10 years to life, but only a lesser offense under § 841(a)(1), with its penalties of five to 40 years.

As Esquivel concedes, because he failed to object, we review for plain error. See United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001). Esquivel has not met his burden. The record as a whole, including the trial testimony, establishes that more than 1,000 kilograms were seized on the date in question. Esquivel was well aware of this information at the time he pleaded guilty, he agreed that the conspiracy involved more than 1,000 kilograms of marijuana, and he knew that he faced punishment of 10 years to life. Esquivel has failed to show that the misstatement by the Government's attorney affected his substantial rights, i.e., that he would not have pleaded guilty but for the error, see United States v. Reyes, 300 F.3d 555, 559 (5th Cir. 2002), nor has he shown that we should exercise our discretion to correct any error. See Marek, 238 F.3d at 315.

For the foregoing reasons, the judgment of the district court is AFFIRMED.